Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RADHIKA MAHARAJ, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>MIDLAND CREDIT MANAGEMENT, INC. and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## LOCAL CIVIL RULE 10.1 STATEMENT

1. The mailing addresses of the parties to this action are:

   RADHIKA MAHARAJ
   212 Martins Way
   Mount Laurel, New Jersey 08054

   MIDLAND CREDIT MANAGEMENT, INC.
   2365 Northside Drive, Suite 300
   San Diego, California 92108

## PRELIMINARY STATEMENT

2. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that the Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("MCM") and JOHN DOES 1-25 their employees, agents and successors (collectively

"Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Burlington County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. MCM maintains a location at 2365 Northside Drive, Suite 300, San Diego, California 92108.

8. MCM uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. MCM is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal

Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from MCM, in the form attached as Exhibit A, concerning a debt owned by MIDLAND FUNDING, LLC, and which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a

standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA;

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to November 30, 2019, Plaintiff allegedly incurred a financial obligation on a SYNCHRONY BANK - GE CAPITAL credit card account ("SYNCHRONY BANK").

19. The SYNCHRONY BANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the SYNCHRONY BANK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The SYNCHRONY BANK obligation did not arise out of a transaction that was for non-personal use.

22. The SYNCHRONY BANK obligation did not arise out of a transaction that was for business use.

23. The SYNCHRONY BANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. SYNCHRONY BANK and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. At some time prior to November 30, 2019, the SYNCHRONY BANK obligation of the Plaintiff was purchased by and/or sold to MIDLAND FUNDING, LLC ("MIDLAND FUNDING").

26. At the time the SYNCHRONY BANK obligation was purchased by and/or sold to MIDLAND FUNDING the SYNCHRONY BANK obligation was past due.

27. At the time the SYNCHRONY BANK obligation was purchased by and/or sold to MIDLAND FUNDING the SYNCHRONY BANK obligation was in default pursuant to the terms of the agreements creating the obligations and/or by operation of law.

28. On or before November 30, 2019, the SYNCHRONY BANK obligation was referred to MCM for the purpose of collection.

29. At the time the SYNCHRONY BANK obligation was referred to MCM the SYNCHRONY BANK obligation was past due.

30. At the time the SYNCHRONY BANK obligation was referred to MCM the SYNCHRONY BANK obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

31.     MCM, through use of an attorney licensed in New Jersey, filed suit on behalf of MIDLAND FUNDING, in the Superior Court of New Jersey, Burlington County, Special Civil Part, Docket No. DC-008535-18 ("COLLECTION LAWSUIT").

32.     On November 27, 2019, MCM, through use of an attorney licensed in New Jersey, obtained a judgment against Plaintiff in the COLLECTION LAWSUIT.

33.     The total amount of the judgment obtained by MCM was $4,078.85. The breakdown of the judgment according to the Superior Court of New Jersey's records was:

| | |
|---|---|
| AMOUNT: | $3903.77 |
| COST: | $82.00 |
| ATTORNEY FEE: | $93.08 |
| JUDGMENT TOTAL: | $4078.85 |

34.     The Attorney Fee assessed on the judgment in the amount of $93.08 was done so in accordance with N.J.S.A. 22A:2-42: "There shall be taxed by the clerk of the Superior Court, Law Division, Special Civil Part in the costs against the judgment debtor, a fee to the attorney of the prevailing party, of five per centum (5%) of the first five hundred dollars ($500.00) of the judgment, and two per centum (2%) of any excess thereof." ("STATUTORY ATTORNEY FEE").

35.     Defendants caused to be delivered to Plaintiff a letter with an attachment ("FINANCIAL DISCLOSURE FORM") dated November 30, 2019, which was addressed to Plaintiff and sought a balance of $4.079.01 for the judgment obtained on the SYNCHRONY BANK obligation. A copy of said letter and the FINANCIAL DISCLOSURE FORM are annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

36.     Exhibit A was sent to Plaintiff in connection with the collection of the SYNCHRONY BANK obligation.

37. Exhibit A was sent to Plaintiff in connection with the collection of the judgment obtained on the SYNCHRONY BANK obligation.

38. Exhibit A was sent by MCM and not by any attorney.

39. The amount sought by Defendant as of November 30, 2018, included the STATUTORY ATTORNEY FEE assessed on the judgment in the amount of $93.08.

40. The STATUTORY ATTORNEY FEE assessed pursuant to N.J.S.A. 22A:2-42 "is tied to the successful prosecution of suit in the county district court, and is **payable directly to the attorney**. As a taxed cost of litigation, it is in the nature of a statutorily authorized penalty against the judgment debtor, saddling him with **the burden of compensating the creditor's attorney** for the latter's litigational duties." See Scioli v. Goldman & Warshaw, PC, 651 F.Supp. 2d 273 (D.N.J. 2009) (emphasis added).

41. The STATUTORY ATTORNEY FEE is not owed to MCM or MIDLAND FUNDNG nor is it the property of either of them. See Scioli v. Goldman & Warshaw, PC, 651 F.Supp. 2d 273 (D.N.J. 2009).

42. The STATUTORY ATTORNEY FEE is owed to and is the property of the creditor's attorney and not the creditor.

43. Defendant sought the STATUTORY ATTORNEY FEE on behalf of MIDLAND FUNDING.

44. The November 30, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

45. The FINANCIAL DISCLOSURE FORM is a "communication" as defined by 15 U.S.C. § 1692a(2).

46. Upon receipt, Plaintiff read the November 30, 2019 letter and the FINANCIAL DISCLOSURE FORM.

47. The November 30, 2019 letter stated in part:

> On November 27, 2018 a judgment was entered against you in the amount of $4,078.85. **We have the right to inquire regarding the existence and location of assets, and your ability to satisfy the judgment.** (emphasis added)
>
> **Complete the enclosed Financial Disclosure Form and send your response via email to FWLResponses@mcmcg.com. Alternately, you may mail the form to P.O. Box 2121, Warren, MI 48090.**

48. The November 30, 2019 letter also contained the following:



49. The November 30, 2018 letter's statement that MCM and MIDLAND FUNDING had "the right to inquire regarding the existence and location of assets" implies that the MCM and MIDLAND FUNDING had the right to use the FINANCIAL DISCLOSURE FORM in an attempt to gather information on Plaintiff's employment, banking, real estate, personal property, and other assets.

50. MCM again implied that it had the right to use the Financial Disclosure Form at the top of the form:

> **FINANCIAL DISCLOSURE FORM**
>
> The purpose of this Financial Disclosure Form is to tell the JUDGMENT CREDITOR what money and property you have which may be used to pay the judgment the creditor obtained against you in the lawsuit. It also allows you to tell the creditor that some or all of your property and money is "exempt," which means that it cannot be taken to pay the judgment. If you need more space, continue your answer on the back of the form or attach additional sheets if necessary. If you have questions about this form, you may contact our office at (866) 300-8750, or contact an attorney.

51. New Jersey Court Rule 6:7-2 gives the right to a Judgment Creditor to inquire regarding the existence and location of assets.

52. New Jersey Court Rule 6:7-2(b) gives a Judgment Creditor the right to use an Information Subpoena to inquire regarding the existence and location of assets to a Judgment Creditor.

53. The Rule provides that:

> **The information subpoena and written questions shall be in the form and limited to those set forth in Appendix XI-L** to these Rules. (emphasis added).

54. The FINANCIAL DISCLOSURE FORM that Defendant served on Plaintiff is not in the form set forth in Appendix XI-L, nor is it limited to the questions as required.

55. The Information Subpoena also provides the debtor with notices such as the following mandated notice:

> **If this judgment has resulted from a default, you have the right to have the default judgment vacated by making an appropriate motion to the court.** Contact an attorney or the clerk of the court for information on making such a motion. (emphasis added).

56. The judgment that Defendant obtained against Plaintiff as a result of the COLLECTION LAWSUIT was a default judgment.

57. The FINANCIAL DISCLOSURE FORM does not provide the required notice.

58. The following question does not appear in the FINANCIAL DISCLOSURE FORM:

> 8. Is there currently a wage execution on your salary? Yes  No
>
> See NJ Court Rule Appendix XI-L.

59. A debtor is only required to itemize personal property **which exceeds $1,000** pursuant to Question 14 of an Information Subpoena:

> 14. Does the present value of your personal property, which includes automobiles, furniture, appliances, stocks, bonds, and cash on hand, exceed $1,000?
>
> If the answer is "yes," you must itemize all personal property owned by you.

60. The FINANCIAL DISCLOSURE FORM required Plaintiff to itemize all personal property even personal property which did not exceed $1,000.

61. The FINANCIAL DISCLOSURE FORM contains 24 paragraphs with subparts requesting information about Plaintiff while the Information Subpoena only allows a Judgment Creditor to use the 14 paragraphs contained in the form found at Appendix XI-L.

62. MCM knew or should have known that its actions violated the FDCPA.

63. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

64. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA by, among other ways:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Making a false representation of the character or amount of the debt;

   (c) Using any false representation or deceptive means to collect or attempt to collect any debt; and

   (d) Threatening to take an action that cannot legally be taken or that is not intended to be taken.

65. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

66. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

67. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

68. Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

69. The November 30, 2019 letter would cause the least sophisticated consumer to believe that he or she was required to complete the FINANCIAL DISCLOSURE FORM.

70. The November 30, 2019 letter would cause the least sophisticated consumer to believe that MCM and/or MIDLAND FUNDING were entitled to responses to the FINANCIAL DISCLOSURE FORM.

71. Defendants' letter and FINANCIAL DISCLOSURE FORM violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(2)(B); § 1692e(3) § 1692e(5); § 1692e(9); § 1692e(10); and § 1692(13).

72. Defendants' improper demand for a STATUTORY ATTORNEY FEE violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(2)(B); § 1692e(5); and § 1692e(10).

73. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

74. Defendant violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with its communications to Plaintiff and others similarly situated.

75. Defendant violated 15 U.S.C. § 1692e of the FDCPA by falsely implying and/or representing that it was entitled to use the FINANCIAL DISCLOSURE FORM.

76. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying and/or representing to Plaintiff and others similarly situated that they were required to complete the FINANCIAL DISCLOSURE FORM. .

77. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying and/or representing to Plaintiff and others similarly situated that the STATUTORY ATTORNEY FEE was due to MIDLAND FUNDING.

78. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

79. 15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

80. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

81. Defendants violated 15 U.S.C. § 1692e(2)(A) by including a STATUTORY ATTORNEY FEE in any amount demanded from Plaintiff.

82. Defendants violated 15 U.S.C. § 1692e(2)(A) by including a STATUTORY ATTORNEY FEE in any amount demanded from Plaintiff as that fee was not due MIDLAND FUNDING, but rather was due and payable directly to the attorney obtaining the judgment.

83. 15 U.S.C. § 1692e(2)(B) of the FDCPA prohibits a debt collector from making a false representation of the compensation which may be lawfully received by any debt collector for the collection of a debt.

84. Defendants violated 15 U.S.C. § 1692e(2)(B) by demanding that MIDLAND FUNDING was entitled to the STATUTORY ATTORNEY FEE.

85. Defendants violated 15 U.S.C. § 1692e(3) by falsely representing or implying that the communication was from an attorney and that any attorney was meaningful involved in the sending of the communication.

86. 15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

87. Defendants violated 15 U.S.C. § 1692e(5) by including a STATUTORY ATTORNEY FEE in any amount demanded from Plaintiff as that fee was not due MIDLAND FUNDING, but rather was due and payable directly to the attorney obtaining the judgment.

88. 15 U.S.C. § 1692e(9) of the FDCPA prohibits a debt collector from using any document which simulates or falsely represents that it is authorized, issued, or approved by any court or which creates a false representation as to its source, authorization, or approval.

89. Defendant violated 15 U.S.C. § 1692e(9) of the FDCPA by using the FINANCIAL DISCLOSURE FORM which simulated or falsely represented that it was authorized, issued, or approved by any court and which created the false representation as to its source, authorization, or approval.

90. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

91. Defendants' conduct as described herein constitutes false representation or deceptive means to collect or attempt to collect any debt.

92. 15 U.S.C. § 1692e(13) prohibits the false representation or implication that documents are legal process.

93. Exhibit A falsely represents and implies that it is legal process.

94. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

95. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

96. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

97. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

98. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

99. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: November 30, 2019        Respectfully submitted,

By:   *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: November 30, 2019

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff
